ADAM GORDON
United States Attorney
PETER S. HORN
Assistant United States Attorney
California Bar No. 321358
New York Bar No. 5333653
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: 619-546-6795

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-CR-2041-WQH |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| ALONSO CLEMENTE-JIMENEZ, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Peter S. Horn and Joshua C. Mellor, Assistant United States Attorneys, and defendant, ALONSO CLEMENTE-JIMENEZ, with the advice and consent of Roseline D. Feral, counsel for defendant, as follows:

//
//
//
//
//
//
//
PSH:8/27/25

Def. Initials A̲C̲J̲

I

## THE PLEA

#### A.    THE CHARGE

Defendant agrees to plead guilty to a three-count Superseding Information charging:

#### Count 1

Between at least March 19, 2024 and September 4, 2024, within the Southern District of California, defendant ALONSO CLEMENTE-JIMENEZ, not being a licensed dealer or manufacturer of firearms within the meaning of Title 18, United States Code, Chapter 44, did knowingly and willfully engage in the business of dealing firearms, to wit: five non-serialized, privately made (PMF) AR-style, short-barrel rifles; six non-serialized privately made (PMF) AR-style pistols; one non-serialized, privately made (PMF) AR-style rifles; one Sig Sauer, AR-style pistol with the manufacturer's serial number altered and obliterated; one Black Hills Armory AR-style rifle, bearing serial number BH01120; one suspected privately made (PMF) .22 caliber rifle, bearing serial number ZGMF-X20A; one Taurus, model PT145 PRO .45 caliber pistol, bearing serial number NCW41784; and one Smith & Wesson, model M&P 40 shield, .40 caliber pistol, bearing serial number HKS2911; one Ruger, model EC9s 9-millimeter pistol, bearing serial number 61-22626; one Glock, model 19 GEN 5 9-millimeter pistol, bearing serial number BUYW915; one Taurus, model G3c 9-millimeter pistol, bearing ACK420364, with a high-capacity magazine; and one Sig Sauer, model SIG516 5.56 caliber rifle, with an obliterated serial number; all in violation of Title 18, United States Code, Section 922(a)(1)(A).

#### Count 2

On or about March 19, 2024, within the Southern District of California, defendant ALONSO CLEMENTE-JIMENEZ did knowingly and intentionally distribute 5 grams and more of methamphetamine (actual), to wit, approximately 1.3 kilograms of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

#### Count 3

On or about May 14, 2024, within the Southern District of California, defendant ALONSO CLEMENTE-JIMENEZ did knowingly and intentionally distribute 5 grams and more of methamphetamine (actual), to wit, approximately 369 grams of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

2

Def. Initials ACJ

24-CR-2041-WQH

B.    PRESERVATION OF EVIDENCE

Defendant agrees that, following entry of defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, defendant agrees that, following entry of defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided defendant with the laboratory analysis report. If defendant believes that additional testing is needed, defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

C.    FORFEITURE

Defendant consents to the forfeiture allegations of the Superseding Information and consents to the forfeiture of all property(ies) seized in connections with this case.  The forfeiture is more fully set forth in the forfeiture addendum to this plea agreement.

D.    NON-PROSECUTION OF CERTAIN MANDATORY MINIMUM OFFENSES AND DISMISAL OF REMAINING CHARGES

The Government agrees (1) not to prosecute defendant on an offense carrying a 10-year mandatory minimum sentence under 21 U.S.C. §§ 841(a)(1) and (b), or a mandatory minimum offense under 18 U.S.C. § 924(c); and (2) to dismiss without prejudice the counts in the underlying Information in this case upon defendant's sentencing, unless

3

Def. Initials  ACJ
24-CR-2041-WQH

defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

## II

## NATURE OF THE OFFENSES

A.    ELEMENTS EXPLAINED

The offenses to which defendant is pleading guilty have the following elements:

### Count 1

1.    Defendant was willfully engaged in the business of dealing in, importing, or manufacturing firearms within the dates specified in the Superseding Information; and

2.    Defendant did not then have a license as a firearms dealer, importer, or manufacturer.

### Counts 2 and 3

1.    Defendant knowingly distributed methamphetamine; and

2.    Defendant knew that it was methamphetamine or some other federally controlled substance.

In addition, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the amount of methamphetamine involved in the offense was at least 50 grams of methamphetamine (actual).

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime, admits the Government could prove beyond a reasonable doubt all allegations in Counts 1 and 2 of the Indictment, admits there is a factual basis for this guilty plea, and admits the following facts are true and undisputed:

4

Def. Initials ACJ

24-CR-2041-WQH

1. Between at least March 19 and September 4, 2024, defendant was willfully engaged in the business of dealing firearms.

a. On or about March 19, 2024, in Fallbrook, California, which is within the Southern District of California, defendant delivered five firearms, ammunition, and magazines, as well as approximately three pounds of methamphetamine, to an undercover agent (the UC) in exchange for $9,800. Specifically, defendant delivered one non-serialized, privately made (PMF) AR-style rifle; three non-serialized, privately made (PMF) AR-style short-barrel rifles; one Sig Sauer, AR-style pistol with an obliterated serial number; approximately 149 rounds of .223 ammunition; and five firearms. Defendant delivered three packages of methamphetamine that contained approximately 1.3 kilograms of methamphetamine (actual). The barrel lengths of each of the short-barrel rifles were 10, 12.5, and nine inches, respectively, while these firearms had overall lengths of 28, 32, and 28 inches, respectively.

b. On or about May 14, 2024, in Fallbrook, California, defendant delivered five firearms, ammunition, and magazines, as well as approximately one pound of methamphetamine, to the UC in exchange for $7,100. Specifically, defendant delivered one non-serialized, privately made (PMF) AR-style short-barrel rifle; two non-serialized, privately made (PMF) AR-style pistols; one Black Hills Armory AR-style rifle bearing serial number BH01120; one privately made (PMF) .22 caliber rifle bearing serial number ZGMF-X20A; approximately 120 rounds of .223 ammunition; approximately 26 rounds of .22 caliber ammunition; and five firearm magazines. The short-barrel rifle had a barrel length of 12 inches and an overall length of 31 inches. Defendant delivered one package of methamphetamine that contained approximately 369 grams of methamphetamine (actual).

c. On or about June 26, 2024, defendant delivered five firearms and ammunition to the UC in exchange for $6,500. Specifically, defendant delivered three non-serialized, privately made (PMF) AR-style pistols; one Taurus, model PT145 PRO, .45 caliber pistol bearing serial number NCW41784; one Smith & Wesson, model M&P 40 shield, .40 caliber pistol bearing serial number HKS2911; approximately 89 rounds of .223 ammunition; and approximately 19 rounds of .45 caliber ammunition.

d. On or about September 4, 2024, defendant delivered five firearms and ammunition to the UC and agreed to be paid a total of $7,500 for these items. Specifically, defendant delivered one Ruger, model EC9s 9-millimeter pistol, bearing serial number 61-

Def. Initials ACJ

24-CR-2041-WQH

22626; one Glock, model 19 GEN 5 9-millimeter pistol, bearing serial number BUYW915; one Taurus, model G3c 9-millimeter pistol, bearing ACK420364, with a high-capacity magazine; one Sig Sauer, model SIG516 5.56 caliber rifle, with an obliterated serial number; one non-serialized, privately made (PMF) AR-style pistol; one non-serialized, privately made (PMF) AR-style short-barrel rifle; approximately 72 rounds of .223 caliber ammunition; approximately 1,025 rounds of 9-millimeter ammunition; and approximately 511 rounds of .45 caliber ammunition. Defendant and the UC agreed on a total price of $7,750 for these firearms and ammunition, and defendant was arrested on a warrant during the transaction.

e. In addition, on or about January 16, 2024, defendant delivered one non-serialized, privately made (PMF) AR-style short-barrel rifle and approximately 40 rounds of .223 ammunition, as well as approximately one pound of methamphetamine, to another individual. Defendant delivered three packages of methamphetamine that contained a total of approximately 1.2 kilograms of methamphetamine (actual).

f. Further, on or about February 2, 2024, defendant delivered five firearms and approximately one pound of methamphetamine to the UC and another individual in exchange for $8,300. Specifically, defendant delivered three non-serialized, privately made (PMF) AR-style short barrel rifles and two non-serialized, privately made (PMF) AR-style pistols, five high capacity 30-round magazines, and a Ziploc bag full of ammunition. Defendant delivered one package of methamphetamine containing approximately 439 grams of methamphetamine (actual).

2. On or about March 19 and May 14, 2024, defendant knew the substance he delivered to the UC on each occasion was methamphetamine.

3. All of the firearms, ammunition, and magazines in the transaction on or about September 4, 2024, among others, are properties involved the offense alleged in Count 1 of the Superseding Information and are properties constituting and derived from proceeds obtained directly or indirectly as a result of the offenses alleged in Counts 2 and 3 of the Superseding Information.

## III

## **PENALTIES**

Each of the crimes to which defendant is pleading guilty carries the following penalties:

6

Def. Initials ACJ

24-CR-2041-WQH

Count 1

A.   Up to 5 years in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of up to 3 years Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.   possible ineligibility for certain Federal benefits; and

F.   forfeiture to the United States of all firearms and other properties involved in the offense.

Counts 2 and 3

A.   a maximum of 40 years in prison, and a mandatory minimum of 5 years;

B.   a maximum $5,000,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of at least 4 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.   possible ineligibility for certain Federal benefits; and

F.   forfeiture to the United States of all property constituting proceeds of the offense and all property used or intended to be used to commit or to facilitate the commission of the offense.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS
AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's rights at trial to:

7

Def. Initials A C J
24-CR-2041-WQH

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

In addition, defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

### V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

8

Def. Initials ACJ

24-CR-2041-WQH

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea;

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and

9

Def. Initials ACJ

24-CR-2041-WQH

take them into account.  Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory.  The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.  The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report.  **Defendant agrees to request that a presentence report be prepared**.  Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute.  It is uncertain at this time what defendant's sentence will be.  The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**.  Any recommendation made by the Government at sentencing is also not binding on the Court.  If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

10

Def. Initials ACJ

24-CR-2041-WQH

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Count 1

| | | |
|---|---|---:|
| 1. | Base Offense Level [USSG § 2K2.1(a)(5)] | 18 |
| 2. | Number of Firearms (approx. 27) [USSG § 2K2.1(b)(1)(B)] | +6 |
| 3. | Obliterated Serial Number [USSG § 2K2.1(b)(4)] | +4* |
| 4. | Unlawful Use by Recipient of Firearms [USSG § 2K2.1(b)(5)(C)] | +4* |
| 5. | Transfer for Transportation Outside U.S. or Use or Possession for Another Felony [USSG § 2K2.1(b)(6)(A), (B)] | +4* |

Counts 2 and 3

| | | |
|---|---|---:|
| 1. | Base Offense Level [USSG § 2D1.1(c)(2)] | 36** |
| 2. | Possession of Firearms [USSG § 2D1.1(b)(1)] [§§ 2D1.1(b)(18) and 5C1.2] | +2 |

Grouping Counts and Combining Offense Level
Under USSG §§ 3D1.2(d), 3D1.4(a)

| | |
|---|---:|
| Increase in Offense Level [USSG § 3D1.4(a)] | +2 |
| Acceptance of Responsibility [USSG § 3E1.1] | -3 |

*  The parties are free to argue the applicability of these enhancements.

** If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), then the applicable base offense level shall be

11

Def. Initials _ACJ_

24-CR-2041-WQH

**determined pursuant to USSG § 4B1.1(b). Furthermore, defendant may be ineligible for any role reduction.**

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and

Def. Initials ACJ
24-CR-2041-WQH

as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

As to Count 1, the Government agrees to recommend the greater of (1) a sentence **within** the advisory Guideline range as calculated by the Government at the time of sentencing, after incorporating a downward variance pursuant to 18 U.S.C. § 3553(a) equivalent to **three levels** under the Guidelines; or (2) the statutory maximum sentence, if it applies.

As to Counts 2 and 3, the Government agrees to recommend the greater of (1) a sentence **within** the advisory Guideline range as calculated by the Government at the time of sentencing, after incorporating a downward variance pursuant to 18 U.S.C. § 3553(a) equivalent to **three levels** under the Guidelines; or (2) the statutory mandatory minimum sentence, if it applies.

The Government will recommend that defendant's sentences on all Counts should be concurrent.

G.   SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program,

Def. Initials ACJ
24-CR-2041-WQH

likely would exceed the amounts that could reasonably be expected to be collected.

### H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

### XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.  If defendant appeals or collaterally attacks, the Government may support on appeal or collateral attack the sentence or restitution order actually imposed.

### XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made

14

Def. Initials AC1
24-CR-2041-WQH

to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.    Failing to plead guilty pursuant to this agreement;

B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.    Failing to appear in court;

D.    Attempting to withdraw the plea;

E.    Failing to abide by any court order related to this case;

F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

15

Def. Initials ACJ
24-CR-2041-WQH

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

16

Def. Initials ACJ

24-CR-2041-WQH

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

September 1, 2025

DATED

PETER S. HORN
JOSHUA C. MELLOR
Assistant U.S. Attorneys

8/29/2025

DATED

ROSELINE D. FERAL
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

29/08/2025

DATED

ALONSO CLEMENTE-JIMENEZ
Defendant

Approved by:

/s/ Matthew J. Sutton
MATTHEW J. SUTTON
Assistant U.S. Attorney

17

Def. Initials ACJ
24-CR-2041-WQH

## FORFEITURE ADDENDUM

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of defendant's plea agreement, and the additional terms and warnings below apply.

A.    Penalty. In addition to the penalties in the plea agreement, federal law states defendant must forfeit all his rights, title and interest in any and all property constituting, or derived from, any proceeds defendant obtained, directly or indirectly, as the result of the offenses set forth in Counts 2 and 3, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations set forth in Counts 2 and 3, as well as any and all firearms and ammunition involved in the commission of the violations set forth in Counts 1 through 3.

B.    Property Subject to Forfeiture. As part of defendant's guilty plea to Counts 1, 2, and 3 of the Superseding Information, as set forth in section I of the plea agreement, defendant agrees to forfeit all property seized in connection with this case, including but not limited to:

    a.    one Ruger, model EC9s 9-millimeter pistol, bearing serial number 61-22626;

    b.    one Glock, model 19 GEN 5 9-millimeter pistol, bearing serial number BUYW915;

    c.    one Taurus, model G3c 9-millimeter pistol, bearing ACK420364, with a high-capacity magazine;

    d.    one Sig Sauer, model SIG516 5.56 caliber rifle, with an obliterated serial number;

    e.    one non-serialized, privately made (PMF) AR-style pistol;

Forfeiture Addendum                                    Def. Initials ACJ

24-CR-2041-WOH

        f.    one non-serialized, privately made (PMF) AR-style short-barrel rifle

        g.    approximately 72 rounds of .223 caliber ammunition;

        h.    approximately 1,025 rounds of 9-millimeter ammunition; and

        i.    approximately 511 rounds of .45 caliber ammunition.

    C.    Basis of Forfeiture. Defendant owns all the property in paragraph B and admits such property represents proceeds of the crime and/or property used to commit and facilitate the commission of the crimes in Counts 2 and 3 of the Superseding Information and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(1) and (a)(2); and admits such property are firearms or ammunition involved in the offense and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

    D.    Immediate Entry of Preliminary Order of Forfeiture. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to defendant's interests in the properties. defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant further agrees to withdraw any and all pending petitions for remission or mitigation of forfeiture. By signing this addendum defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeitures of properties. Defendant agrees to execute all documents requested by the

Forfeiture Addendum

2

Def. Initials

24-CR-2041-WOH

Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

E.    Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

F.    Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

Forfeiture Addendum

3

Def. Initials ACJ

24-CR-2041-WOH

G.    <u>Agreement Survives Defendant; No Forfeiture Abatement</u>. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

ADAM GORDON
United States Attorney

September 1, 2025
_____
DATED

PETER S. HORN
JOSHUA C. MELLOR
Assistant U.S. Attorneys

6/25/2025
_____
DATED

ROSELINE D. FERAL
Defense Counsel

8/25/2025
_____
DATED

ALONSO CLEMENTE-JIMENEZ
Defendant

4

Def. Initials _ACJ_

24-CR-2041-WOH